IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HILDA SUYAPA HERNANDEZ GODINEZ,

     Petitioner,

v.

                                   Case No. 2:26-cv-01659-MIS-JHR

MARY DE ANDA-YBARRA, Acting Field
Office Director of Enforcement and Removal
Operations, El Paso Field Office;
MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security; U.S.
DEPARTMENT OF HOMELAND
SECURITY; TODD BLANCHE, Acting
U.S. Attorney General; EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW;
and WARDEN, Otero County Processing
Center,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Hilda Suyapa Hernandez Godinez's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed May 22, 2026. Petitioner is a citizen of Honduras who entered the United States without inspection approximately ten years ago, was apprehended upon arrival, placed into removal proceedings, and released on her own recognizance. Id. ¶ 5(b). On February 5, 2026, Petitioner was apprehended by immigration authorities and placed in immigration detention. See id. ¶¶ 6, 19. She is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. ¶ 5(a).

On May 22, 2026, Petitioner filed the instant Petition arguing that her detention violates the Immigration and Nationality Act, the Fifth Amendment's Due Process and Equal Protection Clauses, the Administrative Procedures Act, and the Suspension Clause. See id. ¶¶ 49-116. She

seeks immediate release or, alternatively, a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a). Id. ¶ 120.

On June 8, 2026, the Federal Respondents filed a Response to the Petition.[1] ECF No. 7. Therein, counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-cv-00019-MIS-JFR, 2026 WL 266619 (D.N.M. Feb. 2, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id. at 2-3. However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b). Id. at 2.

The Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, her continued detention without a bond hearing violates her Fifth Amendment right to due process, and, as such, she is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders her immediate release. See generally Resp., ECF No. 7. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond

---

[1]    The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2. Respondents are **ORDERED** to immediately release Petitioner Hilda Suyapa Hernandez Godinez from custody/detention;

3. Respondents **SHALL** return all of Petitioner's personal belongings to Petitioner;

4. Respondents **SHALL NOT** re-detain Petitioner—absent a final order of removal—without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3